UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                        Case No. 07-CR-108

BERNARD LEON BEYER ,

        Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

On May 12, 2011 this Court partially granted Bernard Beyer's motion to modify the $1,500 fine he is required to pay as part of his criminal sentence. Specifically the Court reduced Beyer's monthly payment from $100 to $60. Presently before the Court is Beyer's motion for reconsideration (Dkt. 34) in which he asks the Court to further modify his fine.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F. Supp.

1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

Beyer's motion for reconsideration does not meet the standards set forth above. While the Court is mindful of the financial challenges Beyer faces while making the transition from prison to civilian life, paying a fine is an important component of Beyer's sentence. A $60 per month payment is not especially onerous especially where, as here, Beyer lists the following among his estimated monthly expenses: "Cosmetics . . . $30; Telephone . . . $50; [and] Continuing Education . . . $85." (Mot. for Recons., Dkt. 34 at 4.) Beyer now requests the following additional modifications to his fine: a reduction of the total amount of the fine from $1,500 to $500, a stay of all monthly payments until he finds employment, and permission for his supervising agent to determine the monthly payment amount. Such modifications are not appropriate because they would wholly diminish the fine's significance as a component of Beyer's sentence. Finally, I note that Beyer's probation will not be revoked solely based on a failure to pay the fine if he truly cannot pay. *See Bearden v. Georgia,* 461 U.S. 660, 672-73 (1983) ( holding that probation revocation based solely on inability to pay due to indigence is improper but noting that probation may be revoked for willful refusal to pay or failure to make bona fide effort to pay). Beyer must make a good faith effort to pay the $60 per month fine – failure to make such an effort could result in revocation. *Id.* For the reasons set forth above Beyer's motion for reconsideration (Dkt. 34) is **denied.**

**SO ORDERED** this 15th day of June, 2011.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge